**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc., | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**NOTICE OF MOTION**

*Please take notice* that on **January 5, 2016** at **10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the ***Application to Employ Sugar Felsenthal Grais & Hammer LLP as Attorneys for the Debtor Retroactive to the Petition Date***, at which time and place you may appear as you see fit.

Date: December 2, 2015

*Agri-Fine, Inc.,*

By:  /s/ Jonathan Friedland
       One of its Attorneys

Jonathan P. Friedland, Esq. (IL No. 6257902)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
Jack O'Connor, Esq. (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951
jfriedland@SugarFGH.com
evandesteeg@SugarFGH.com
joconnor@SugarFGH.com

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc., | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**APPLICATION TO EMPLOY SUGAR FELSENTHAL GRAIS & HAMMER LLP**
**AS ATTORNEYS FOR THE DEBTOR RETROACTIVE TO THE PETITION DATE**

Agri-Fine, Inc., (the "*Debtor*"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "*Case*"), requests that the Court enter an order under §§ 327(a), 328, 329, 330, 507 and 1107 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2014(a), 2016, 5002 and 6003 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") authorizing the Debtor to retain and employ the attorneys and paraprofessionals of the law firm of Sugar Felsenthal Grais & Hammer LLP ("*SugarFGH*") as counsel for the Debtor, retroactive to the Petition Date (defined below).  In support of this Application (the "*Application*"), the Debtor submits the Declaration of Jonathan P. Friedland (the "*Friedland Declaration*"), attached here as *Exhibit A*.  In further support of this Application, the Debtor states:

**JURISDICTION & VENUE**

1.    The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).  This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested in this Application are §§ 327(a), 328, 329, 330, 507 and 1107 of the Bankruptcy Code, and Bankruptcy Rules 2014(a), 2016, 5002 and 6003.

**BACKGROUND**

3. On December 2, 2015 (the "*Petition Date*"), the Debtor filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its financial affairs as a debtor-in-possession, and a detailed description of the Debtor's business and history is set forth in the Declaration of Eriksen Hoelzeman, filed on the Petition Date filed concurrently with this Application, and incorporated here by reference.

**RELIEF REQUESTED**

4. By this Application, the Debtor requests entry of an order authorizing it to retain and employ SugarFGH as its attorneys in this Case, effective as of the Petition Date. The Debtor believes that its continued representation by SugarFGH in this case is particularly appropriate because of SugarFGH's familiarity with the Debtor, its business and capital structure, and because SugarFGH's insolvency professionals have extensive experience in the area of debtor and creditor rights and remedies, insolvencies and reorganizations in general, and under the Bankruptcy Code in particular.

**I.    Services to Be Provided**

5. The Debtor retained SugarFGH through an engagement agreement (the "*Engagement Agreement*") effective as of October 6, 2015, under which SugarFGH agreed to represent the Debtor as its restructuring counsel, in preparing for, filing, and in the course of, this Case.[1]

6. The Debtor contemplates that SugarFGH will provide a full range of services required to represent it in the course of this Case, including:

---

[1] A true and correct copy of the Engagement Agreement is attached as *Exhibit 1* to the Friedland Declaration.

2

(a) advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its business and property;

(b) attending meetings and negotiating with creditor representatives and other parties in interest, and advising and consulting on the conduct of this Case, including all of the legal and administrative requirements of operating in chapter 11;

(c) taking all appropriate action to protect and preserve the Debtor's assets, including prosecuting actions on behalf of the Debtor's estate, defending actions commenced against the Debtor's estate, negotiating any litigation in which the Debtor may be involved, and objections to claims filed against the Debtor's estate;

(d) preparing motions, applications, answers, orders, reports, papers and other pleadings necessary to administer the Debtor' estate;

(e) preparing and consummating a sale of substantially all of the Debtor's assets under § 363 of the Bankruptcy Code or a plan of reorganization, and all related agreements and documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(f) appearing before the Bankruptcy Court or other courts to assert or protect the interests of the Debtor and its estate; and

(g) performing any other necessary legal tasks in connection with this Case.

7. Accordingly, the Debtor submits that it is necessary and appropriate that SugarFGH be employed as its attorney to render these services. SugarFGH has indicated willingness to act on the Debtor's behalf and render these services.

**II. SugarFGH's Qualifications**

8. The Debtor seeks to retain SugarFGH as its attorneys because of the firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and reorganizations under chapter 11 of the Bankruptcy Code. The Debtor submits that SugarFGH's knowledge, expertise, and experience practicing before this Court will enable it to work in an

3

efficient and cost-effective manner on behalf of the Debtor's estate. And in preparing for this case, SugarFGH has become familiar with the Debtor's business, circumstances, and many of the potential legal issues that may arise in the context of this Case.

9. SugarFGH's attorneys have also served as lead counsel to chapter 11 debtors in the following matters: *In re Hydraulic Technologies, Inc.*, Case No. 07-61947 (Bankr. N.D. Ohio); *In re Musicland Holdings, Inc.*, Case No. 06-10064 (Bankr. S.D.N.Y.); *In re Cable & Wireless, Inc.*, Case No. 03-13711 (Bankr. D. Del.); *In re Polymer Group, Inc.*, Case No. 02-05773 (Bankr. D.S.C); *In re HomeLife Corp.*, Case No. 01-02412 (Bankr. D. Del.); *In re Globe Mfg. Corp.*, Case No. 01-70115 (Bankr. N.D. Ala.). Accordingly, the Debtor believes that SugarFGH is uniquely qualified to represent it as counsel in this Case and will do so in an efficient manner.

### III. Compensation

10. Under § 328(a) of the Bankruptcy Code, the Court may approve SugarFGH's retention on any reasonable terms. The Debtor submits that the most reasonable terms and conditions are those agreed upon by SugarFGH and the Debtor. As an accommodation to the Debtor in this matter, SugarFGH has agreed to charge reduced hourly rates from those typically offered by the firm to its other clients on a daily basis in a competitive market for legal services. Subject to the Court's approval, SugarFGH will charge for its legal services on an hourly basis in accordance with these reduced hourly rates.

11. The principal attorneys and paralegal presently designated to represent the Debtor and their current reduced hourly rates are:

| Professional | Title | Years Experience | Reduced Hourly Rate |
|---|---|---|---|
| Jonathan P. Friedland | Senior Partner | 21 | $550 |
| Mark S. Melickian | Partner | 20 | $500 |

4

| | | | |
|---|---|---|---|
| Elizabeth B. Vandesteeg | Partner | 11 | $450 |
| Michael A. Brandess | Associate | 6 | $400 |
| David M. Madden | Associate | 12 | $360 |
| John (Jack) R. O'Connor | Associate | 5 | $350 |

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from SugarFGH may also serve the Debtor in connection with the matters described in this Application, from time to time, at discounted rates ranging between $295 and $550 per hour for attorneys, and $125 and $245 per hour for paralegals. In all appropriate circumstances, SugarFGH will employ the services of associates and paraprofessionals having lower hourly rates in order to minimize administrative expenses to the Debtor's estate.

13. The hourly rates set forth above are reduced from the Firm's standard hourly rates for work of this nature. These rates have been reduced as an accommodation to the Debtor, and are set at a level designed to fairly compensate the Firm's professionals, and to cover fixed and routine overhead expenses.

14. Under the terms of the Engagement Agreement, the Debtor agreed to pay SugarFGH a retainer of $320,000. SugarFGH ultimately received a total retainer of $270,000, as set forth below.

15. Leading up to the Petition Date, the Debtor paid SugarFGH an initial installment of $70,000 as a retainer for prepetition services (the "*Prepetition Retainer*"), which constituted an "advance payment retainer" to SugarFGH as defined in *Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277 (2007). SugarFGH consequently earned the Prepetition Retainer upon receipt, and deposited the Prepetition Retainer into its general cash account. SugarFGH has drawn down the full amount of the Prepetition Retainer.

5

16. The Debtor then advanced an additional $200,000 (the "*Bankruptcy Retainer*") to SugarFGH prepetition. The Bankruptcy Retainer also constituted an "advance payment retainer" to SugarFGH, which SugarFGH earned upon receipt, and consequently placed into its general cash account. The unapplied balance of the Bankruptcy Retainer, as of the Petition Date, is $191,195.00.

17. SugarFGH has not received any other payments from the Debtor in the ninety days before or since the Petition Date. A portion of the Retainer has been credited to the filing fee for this case, and to the outstanding balance existing as of the Petition Date.

18. The Debtor has also agreed to reimburse SugarFGH, subject to the Court's approval, for permissive, actual, out of pocket expenses incurred by SugarFGH on the Debtor's behalf, including: travel, offsite photocopying and mailing services by third party vendors, messenger or overnight delivery, international and third party conference calls, filing fees, title charges, and fees of expert witnesses, court reporters, and special or co-counsel or other professionals engaged by SugarFGH on the Debtor's behalf. SugarFGH will charge for these expenses in a manner and at rates consistent with charges made generally to SugarFGH's other clients. SugarFGH will make every effort to minimize expenses in this Case.

19. SugarFGH's statement under Bankruptcy Rule 2016 is attached here as *Exhibit B*.

20. The Debtor requests that all legal fees and related costs incurred by the Debtor on account of services rendered by SugarFGH in this case be paid as administrative expenses of the Debtor's estate in accordance with the Bankruptcy Code and applicable orders entered in this case.

21. SugarFGH will seek Court approval of its compensation and reimbursement of its actual and necessary expenses, and other charges incurred by the Firm upon the filing of

6

appropriate applications for interim and final compensation and reimbursement under §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

### IV. SugarFGH is a Disinterested Person

22. To the best of the Debtor's knowledge, and except as disclosed here and in the Friedland Declaration, SugarFGH has not represented the Debtor, its creditors, any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate.

23. As set forth in the Friedland Declaration, SugarFGH has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by § 504 of the Bankruptcy Code.

24. SugarFGH is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

   (a) are not creditors, equity security holders, or insiders of the Debtor;

   (b) are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtor; and

   (c) do not have an interest materially adverse to the interests of the Debtor's estate or any class of the Debtor's creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

25. For the above reasons, the Debtor submits that SugarFGH is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code. SugarFGH has also informed the Debtor that if any of the statements and representations in this Application or the Friedland Declaration change during the course of this Case, SugarFGH will amend the Application or the Friedland Declaration, as applicable.

### NOTICE & NO PRIOR REQUEST

24. Notice of this Application has been given to: (a) the United States Trustee; (b) The Debtor's secured lender; (c) the Debtor's 20 largest unsecured creditors; and (d) any party that has appeared or requested notice in this case. In light of the nature of the relief requested by this Application, the Debtor submits that no further notice is required. The Debtor has not made a prior request before this or any other court for the relief sought in this Application.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order, substantially in the form attached to this Application, retaining and employing the attorneys and paraprofessionals of SugarFGH as counsel for the Debtor, retroactive to the Petition Date; and any other, further relief the Court deems appropriate under the circumstances.

Date: December 2, 2015

*Agri-Fine, Inc.*,

By: _____
Eriksen Hoelzeman
Vice President