**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc., | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

## Notice of Motion

*Please take notice* that on **January 5, 2016** at **10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the ***Application to Employ KCP Advisory Group LLC as Financial Advisor for the Debtor Retroactive to the Petition Date***, at which time and place you may appear as you see fit.

Date: December 2, 2015

*Agri-Fine, Inc.,*

By: /s/ Jonathan Friedland
      One of its Attorneys

Jonathan P. Friedland, Esq. (IL No. 6257902)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
Jack O'Connor, Esq. (IL No. 6302674)
**Sugar Felsenthal Grais & Hammer LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:   312.704.9400
Facsimile:   312.372.7951
jfriedland@SugarFGH.com
evandesteeg@SugarFGH.com
joconnor@SugarFGH.com

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc., | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**APPLICATION TO EMPLOY KCP ADVISORY GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR RETROACTIVE TO THE PETITION DATE**

Agri-Fine, Inc., (the "*Debtor*"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "*Case*"), requests that the Court enter an order under §§ 328(a) and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") authorizing the Debtor to retain and employ KCP Advisory Group LLC ("*KCP*") as financial advisor for the Debtor, retroactive to the Petition Date (defined below). In support of this Application (the "*Application*"), the Debtor submits the Declaration of Michael Goldman (the "*Goldman Declaration*"), attached here as *Exhibit A*. In further support of this Application, the Debtor states:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in this Application are §§ 327(a), 328, 329, 330, 507 and 1107 of the Bankruptcy Code, and Bankruptcy Rules 2014(a), 2016, 5002 and 6003.

**BACKGROUND**

3. On December 2, 2015 (the "*Petition Date*"), the Debtor filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its financial affairs as a debtor-in-possession, and a detailed description of the Debtor's business and history is set forth in the Declaration of Eriksen Hoelzeman, filed concurrently with this Motion, and incorporated here by reference.

**RELIEF REQUESTED**

4. By this Application, the Debtor requests that the Court enter an order under §§ 328(a) and 1103 of the Bankruptcy Code authorizing it to retain and employ KCP as its financial advisor in this Case, effective as of the Petition Date.

5. Under § 328(a) of the Bankruptcy Code, the Debtor requests that the Court approve KCP's retention on the terms and conditions set forth in this Application and the Goldman Affidavit, which provide that KCP will be compensated at a discounted hourly rate, in effect when services are rendered, and normal reimbursement policies.

**I.    KCP's Qualifications & Expertise**

6. The Debtor seeks to retain KCP as its financial advisor because of KCP's extensive experience with distressed businesses and chapter 11 bankruptcies, representing both debtors and creditors in distressed situations. KCP has significant experience rendering professional insolvency services, and the Debtor believes KCP is qualified to advise it in this Case.

7. By assisting the Debtor with the filing of this Case, and as a result of KCP's prepetition work for the Debtor, KCP has become familiar with the Debtor's business and the financial issues the Debtor will have to address in this Case. KCP's retention, therefore, will assist in the efficient administration of the estate, and minimize the expense to the estate.

8. The professionals whom KCP anticipates will hold primary responsibility for work in this engagement are Michael Goldman and Jacen Dinoff, who may be assisted from time to time by members of KCP's staff.

## II. Services to be Provided

9. The Debtor retained KCP to provide it financial advisory services under a retention agreement (the "*Retention Agreement*"), dated as of October 29, 2015, under which KCP agreed to provide certain financial advisory services to the Debtor, including the potential preparation for and filing of this Case.[1] The Debtor has selected KCP as its financial advisor in this Case because of the firm's diverse and extensive experience in chapter 11 cases. The Debtor accordingly submits that KCP possesses the requisite expertise and background to represent it in this Case.

10. The Debtor contemplates that KCP may provide the following services in this Case, including:

(a) reviewing historical, current, and projected financial information;

(b) overseeing any proposed sale of the Debtor's assets;

(c) preparing necessary financial or accounting reports and documents on behalf of the Debtor, including its schedules, statement of financial affairs, and monthly operating reports;

(d) providing assistance and advice concerning the operation of the Debtor in this Case;

(e) negotiating with the Debtor's creditors, including resolution of claims and claim disputes;

(f) providing assistance and advice concerning any investigation of the assets, liabilities, and financial condition of the Debtor that may be required under local, state or federal law;

---

[1] A true and correct copy of the Retention Agreement is attached as *Exhibit 1* to the Goldman Declaration.

(g) providing counseling with respect to assuming or rejecting executory contracts and leases, sales of assets, and other bankruptcy-related matters arising from this Case;

(h) performing any other financial or accounting consulting services as may be necessary and appropriate for the efficient and economical administration of this Case; and

(i) providing testimony on behalf of the Debtor in connection with any of the foregoing services.

11. Given the extent and complexity of the Debtor's business and liabilities, the Debtor believes that it is essential that it retain KCP as its financial advisor to assist it in maximizing the value of its assets under a chapter 11 plan, or by a sale of its assets.

### III. KCP's Compensation

12. Under § 328(a) of the Bankruptcy Code, the Court may approve KCP's retention on any reasonable terms. The Debtor submits that the most reasonable terms and conditions are those agreed to by KCP and the Debtor, which are substantially similar to those entered into between KCP and its other clients on a daily basis in a competitive market for financial advisory services. Subject to the Court's approval, KCP will charge for its advisory services on an hourly basis at discounted hourly rates, negotiated between KCP and the Debtor as an accommodation to the Debtor for this matter, in effect on the date services are rendered. From time to time, it may be necessary for other KCP professionals to provide services to the Debtor. In all appropriate circumstances, KCP will employ the services of junior professionals and administrative personnel having lower hourly rates in order to minimize administrative expenses to the estate.

13. KCP has advised the Debtor that the current, discounted hourly rates applicable to the professionals it anticipates will have primary responsibility for rendering services to the Debtor in this Case are as follows:

| Professional | Reduced Hourly Rate |
|---|---|
| Michael Goldman | $350 |
| Jacen Dinoff | $400 |
| Other Approved KCP Personnel | $275 |

14. KCP intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and general orders of this Court, guidelines established by the United States Trustee and any other procedures the Court may order. Compensation will be payable to KCP in compliance with the above rules, on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KCP.

15. The Debtor submits that the terms and conditions of KCP's compensation are fair and reasonable compared to compensation generally charged by financial advisors of similar stature for comparable engagements. The Debtor understands that the terms of KCP's employment and compensation are consistent with employment and compensation arrangements typically entered into by KCP when providing such financial services. The Debtor and KCP believe that these compensation requirements are both reasonable and market-based.

16. To the best of the Debtor's knowledge, information, and belief, and except to the extent disclosed in the Goldman Declaration to the contrary, no promises have been received by KCP as to compensation in connection with this Case, and KCP has no agreement with any other entity to share any compensation received with any person other than the principals and employees of KCP, under § 504 of the Bankruptcy Code.

**IV.    KCP is a Disinterested Person Under § 101(14)**

17. KCP has informed the Debtor that, except as may be set forth in the Goldman Declaration, KCP: (a) has no connection with the Debtor, its creditors, equity security holders, or

other parties in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, in any matter related to the Debtor and its estate; (b) does not hold any interest adverse to the Debtor's estate; and (c) believes it is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

18. Before the Petition Date, the Debtor entered into the Retention Agreement with KCP, under which the Debtor paid KCP a prepetition retainer fee of $35,000. As of the Petition Date, therefore, KCP does not hold a prepetition claim against the Debtor for any services rendered.

19. KCP will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, KCP will inform the Court by amending this Application or the Goldman Declaration, as applicable.

V. **The Court Should Approve KCP's Retention**

20. The Debtor seeks approval of KCP's retention and employment as set forth in the Retention Agreement under §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016. Section 327(a) provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

21. Section 328(a) provides, in pertinent part, that:

> The [debtor] . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a

7

contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

22. The terms of KCP's engagement, including its proposed compensation and fee structure, were negotiated in good faith and at arm's length between the Debtor and KCP, and the Debtor submits that such terms are reasonable and in the best interests of its estate and creditors, and thus should be approved under § 328(a) of the Bankruptcy Code. The proposed fee structure appropriately reflects the nature and scope of services to be provided by KCP, KCP's substantial experience with respect to financial advisory services, and the fee structures typically utilized by KCP and other leading financial advisors.

**NOTICE & NO PRIOR REQUEST**

23. Notice of this Application has been given to: (a) the United States Trustee; (b) the Debtor's secured lender; (c) the Debtor's 20 largest unsecured creditors; and (d) any party that has appeared or requested notice in this case. In light of the nature of the relief requested by this Application, the Debtor submits that no further notice is required. The Debtor has not made a prior request before this or any other court for the relief sought in this Application.

## CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order, substantially in the form attached to this Application, retain and employ the professionals of KCP Advisory Group LLC as financial advisor for the Debtor, retroactive to the Petition Date; and any other, further relief the Court deems appropriate under the circumstances.

Date: December 2, 2015

*Agri-Fine, Inc.*,

By: _____
Eriksen Hoelzeman
Vice President