**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **October 12, 2016** at **10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *First & Final Application of Goldstein & McClintock LLLP for Compensation for Services and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors*, a copy of which is hereby served upon you.

Date:  September 19, 2016          **GOLDSTEIN & MCCLINTOCK LLLP**

                                   By:  /s/   Brian J. Jackiw

                                       Thomas R. Fawkes, Esq.
                                       Brian J. Jackiw, Esq.
                                       GOLDSTEIN & MCCLINTOCK LLLP
                                       208 S. LaSalle Street, Suite 1750
                                       Chicago, Illinois 60604
                                       Telephone:  312.337.7700
                                       Facsimile:  312.277.2305

                                   *Counsel to the Official Committee of Unsecured Creditors*

# CERTIFICATE OF SERVICE

I, Brian J. Jackiw, an attorney, hereby certify that on September 19, 2016, a true and correct copy of the *First & Final Application of Goldstein & McClintock LLLP for Compensation for Services and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors*, was served via the Court's CM/ECF system and electronic mail upon the parties appearing on the service list below.

/s/ Brian J. Jackiw

## SERVICE LIST

*The Office of the U.S. Trustee*

Attn: Ms.Kimberly Bacher, Esq.
219 S. Dearborn St., Room 873
Chicago, IL 60604
Kimberly.Bacher@usdoj.gov


*Counsel to the Debtor*
Jonathan P. Friedland, Esq.
Elizabeth B. Vandesteeg, Esq.
Jack O'Connor, Esq.
**SUGAR FELSENTHAL GRAIS &HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
jfriedland@SugarFGH.com
evandesteeg@SugarFGH.com
joconnor@SugarFGH.com

*Counsel to Standard Bank & Trust Company*
Arnstein & Lehr, LLP
Attn: David A. Golin, Esq., &
Konstantinos Armiros, Esq.
120 South Riverside Plaza, Ste. 1200
Chicago, IL 60606
dagolin@arnstein.com
krarmiros@arnstein.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

## COVER SHEET
## FIRST AND FINAL APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP
## AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Goldstein & McClintock LLLP |
| Authorized to provide services to: | Official Committee of Unsecured Creditors of Agri-Fine, Inc. |
| Effective Date of Retention: | December 11, 2015 |
| Period for which compensation is sought: | December 11, 2015 – May 24, 2016 |
| Amount of compensation sought as actual, Reasonable and necessary: | $56,575.00 |
| Amount of expense reimbursement sought: | $437.97 |
| Total final request: | $57,012.97 |
| Amount Received to Date: | $29,144.11 |
| Amount which remains owing to G&M: | $27,898.86 |

This is a **final** application

Date:  September 19, 2016          **GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/   Thomas R. Fawkes

Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone:  312.337.7700
Facsimile:   312.277.2305

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**FIRST AND FINAL APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Goldstein & McClintock LLLP ("*G&M*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*"), hereby submits this First and Final Application of Goldstein & McClintock LLLP as Counsel to the Official Committee of Unsecured Creditors For Allowance of Compensation and Reimbursement of Expenses (the "*Application*") pursuant to sections 330, 331, 503(b), and 507(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 5082-1 of the Local Rules for this District (the "*Local Rules*") and the Court's Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals & Committee Members (Docket No. 99, the "*Compensation Order*"). G&M requests entry of an order allowing final compensation in the amount of $56,575.00 for services rendered, and $437.97 in actual and necessary expenses incurred, during the period from December 11, 2015 through and including May 24, 2016 (the "*Application Period*"). In support of the Application, G&M respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On December 2, 2015 (the "*Petition Date*"), Agri-Fine Inc. (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"). Prior to the Conversion Date, the Debtor was in possession of its estate, and operated and managed its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On December 10, 2015, the Office of the United States Trustee appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code [Docket No. 51].

5. The Committee required independent attorneys to serve as counsel to help the Committee by, among other things, advising the Committee on all legal issues as they arise; representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation and assisting the Committee in negotiations with the Debtor and other parties; investigating the Debtor's assets and pre-bankruptcy conduct; preparing, on behalf of the Committee, all necessary pleadings, reports and other papers; representing and advising the Committee in all proceedings in this case; assisting and advising the Committee in its administration; and providing such other services as are customarily provided by counsel to a unsecured creditors' committee in cases of this kind.

6. On December 11, 2015, the Committee hired G&M as its counsel, pending approval by the Court.

7. January 12, 2016, this Court entered an Order [Docket No. 89] approving G&M's retention and employment retroactive to December 11, 2015.

8. On June 2, 2016, this case was converted to a case under Chapter 7 of the Bankruptcy Code.

## SUMMARY OF FEE APPLICATION

9. The Compensation Order permitted G&M to file monthly statements for interim compensation and reimbursement of expenses ("*Monthly Statements*"); if no objections to such Monthly Statements were received within 7 days of service, G&M was entitled to be paid 80% of its fees and 100% of the expenses requested in the Monthly Statements.

10. During its engagement, G&M has filed five (5) Monthly Statements, for the months of December 2015 and January – April 2016. No objections to any of these Monthly Statements were received. A schedule of the Monthly Statements filed by G&M is set forth below.

| Date Filed & Dkt. No. | Monthly Period | Fees | Expenses | Fees Approved (80%) | Expenses Approved (100%) |
|---|---|---|---|---|---|
| 2/15/16 – Dkt. No. 126 | December 2015 | $6,602.50 | $0.00 | $5,282.00 | N/A |
| 2/15/16 – Dkt. No. 128 | January 2016 | $13,167.50 | $24.72 | $10,534.00 | $24.72 |
| 3/15/16 – Dkt. No. 168 | February 2016 | $9,705.00 | $146.55 | $7,764.00 | $146.55 |
| 4/20/16 – Dkt. No. 217 | March 2016 | $12,003.50 | $127.70 | $9,602.80 | $127.70 |
| 5/23/16 – Dkt. No. 249 | April 2016 | $10,395.50 | $105.80 | $8,316.40 | $105.80 |

11. G&M received payment in the amount of $29,144.11 on account of the foregoing Monthly Statements.

12. In addition, for the period from May 1, 2016 through and including May 24, 2016 (the "*May Time Period*"), G&M incurred fees in the amount of $4,744.00 and expenses in the amount of $33.20, for which it seeks approval and payment under this Fee Application. Detailed time entries are attached to Exhibit A to this Fee Application.

13. For the Application Period, G&M seeks final approval of $56,575.00 in fees and $437.97 in expenses. Moreover, G&M seeks payment in the amount of $27,898.86 in fees and expenses for the May Time Period and amounts not collected on account of the approved monthly fee statements.

## **RELIEF REQUESTED**

14. In total, G&M has received $29,144.11 in payment. Accordingly, if this Fee Application is allowed in full, G&M shall be due total compensation for fees and expenses equaling $27,898.86.

15. Narrative summaries of the services rendered by G&M during the Application Period are set forth below. In addition, an itemized statement, which sets forth in detail the services rendered by G&M professionals during the Application Period, is attached hereto as Exhibit A; and an itemized statement which sets forth in detail the actual expenses incurred by G&M during the Application Period, is attached hereto as Exhibit B.

## SERVICES PERFORMED DURING APPLICATION PERIOD

16. All services performed by G&M fall within the description of services that G&M agreed to provide to the Committee and are within the scope of services described in the Committee's application to retain and employ G&M as its counsel.

17. G&M's hourly rate of compensation for its professionals during the Application Period ranges from $195 to $525. The rates charged herein are comparable to rates charged by other attorneys having the same amount of experience, expertise, and standing for similar services. G&M consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible. The reasonable value of the services rendered by G&M as the Committee's counsel for which compensation is hereby sought is $56,575.00 for services rendered during the Application Period.

18. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

19. G&M reserves the right to correct, amend, or supplement this Application.

## SUMMARY OF SERVICES

20. A summary of the compensation requested herein for the Application Period, broken down by each of the G&M professionals who provided services during such period, is set forth in the chart below:

| Name of Professional Person (Title) | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|
| Harold D. Israel, Partner | $525.00 | 1.3 | $682.50 |
| Brian J. Jackiw, Partner | $325.00 | 65.2 | $21,190.00 |
| Thomas R. Fawkes, Partner | $425.00 | 73.2 | $31,110.00 |
| Sean P. Williams, Associate | $285.00 | 11.5 | $3,277.50 |
| Teresa Gomez, Paralegal | $225.00 | 1.4 | $315.00 |
| **TOTAL** | **(blended rate) $370.74** | **152.6** | **$56,575.00** |

21. Further, a summary of the compensation requested herein for the Application Period, broken down by the services rendered provided, is set forth in the chart below:

| Category of Services | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 24.2 | $8,915.00 |
| Schedules and Reports | 1.3 | $462.50 |
| G&M Retention and Fee Application | 6.0 | $2,087.00 |
| Committee Meetings and Governance | 19.3 | $7,253.50 |
| Other Professional Retention and Fee Application | 11.6 | $3,993.00 |
| Cash Collateral & Secured Lender Issues | 12.5 | $4,942.50 |
| Asset Sales | 28.0 | $11,610.00 |
| Litigation and Avoidance Actions | 49.2 | $17,140.00 |
| Creditor Inquiries | 3.1 | $214.50 |
| **TOTAL** | **152.6** | **$56,575.00** |

## BENEFIT TO THE ESTATE

22. G&M's efforts have substantially benefited the estate. G&M's efforts have ensured that the Committee was adequately informed as to the various developments throughout the pendency of the Debtor's chapter 11 case. G&M attorneys have spent significant amounts of time investigating potential avenues of recovery, as well as assisting the Debtor in the sale process.

23.     G&M has been instrumental to the Committee in providing consultation, analysis and advice on business matters and transactions of the Debtor during the entire Application Period.

24.     Generally, G&M has provided the following general services:

**A.     Case Administration**

20.     G&M spent 24.2 hours at a cost of $8,915.00 on case administration. This category primarily includes time spent performing necessary case administration tasks (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents), reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, and corresponding with parties-in-interest concerning general case matters. This category also includes matters which encompass more than one other discrete category.

**B.     Schedules and Reports**

21.     G&M spent 1.3 hours at a cost of $462.50 on schedules and reports. This category primarily includes time spent reviewing the Debtor's monthly operating reports and schedules and statement of financial affairs.

**C.     G&M Retention and Fee Application**

22.     G&M spent 6.0 hours at a cost of $2,087.00 on G&M retention and fee application issues. This category primarily includes time spent drafting and filing G&M's retention application and Monthly Statements. Fee applications are requirements of the Bankruptcy Code and attorneys are allowed to bill their time spent on them. *See e.g. In re Mesa Air Grp., Inc.*, 449 B.R. 441, 445 (Bankr. S.D.N.Y. 2011) ("Since fee applications are required

under the Bankruptcy Code, courts may award fees for time spent in actually preparing a fee application 'based on the level and skill reasonably required to prepare the application.'") (citations omitted); *see also* 11 U.S.C. § 330(a)(6). Indeed, courts have consistently held that time spent preparing and prosecuting fee applications is compensable, particularly when such fees represent 5% or less than total fees sought. *See In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case); *see also In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). The amount that G&M is requesting for the preparation of fee applications (as opposed to preparing retention papers and making necessary disclosures) is significantly less than 5% of the total fee amount requested.

D.   **Other Professional Retention and Fee Applications**

23.   G&M spent 11.6 hours at a cost of $3,993.00 on other professionals' retention matters. This category includes the time spent preparing the *Application to Employ Skutch Arlow Group LLC as Financial Advisor to the Committee,* the Monthly Statements of Skutch Arlow Group, motions to increase fee caps, and reviewing the professional fee applications filed by the Debtor's retained professionals.

E.   **Secured Lender/DIP Financing/Cash Collateral**

24.   G&M spent 12.5 hours at a cost of $4,942.50 on secured lender/DIP financing/cash collateral matters. This category includes time spent reviewing the Debtor's cash collateral orders and budgets, engaging in negotiations with the Debtor and its secured lender, Standard Bank and Trust, with respect thereto, and attending hearings regarding the Debtor's cash collateral use. In addition, G&M conducted an analysis of the validity, priority and extent of Standard Bank and Trust's asserted liens and claims, and engaged in negotiations with the

bank with respect thereto (which resulted in certain sale proceeds being retained by the estate for the benefit of unsecured creditors).

F.　**Asset Disposition/Asset Sales**

25.　G&M spent 28.0 hours at a cost of $11,610.00 on asset sale matters. The category includes time spent reviewing and commenting upon the Debtor's sale pleadings, and negotiating the terms of the Debtor's bid procedures and sale orders; assisting the Debtor in its marketing efforts, including contacting a host of potential strategic and financial buyers, engaging in negotiations with the Debtor, Standard Bank, and the purchaser of substantially all of the Debtor's assets regarding the asset purchase agreement; and attending and participating in hearings pertaining to the sale of the Debtor's assets.

G.　**Creditor Inquiries**

26.　G&M spent 0.5 hours at a cost of $214.50 addressing creditor inquiries, including multiple telephone conferences and correspondence with creditors regarding the sale process, prospects for recoveries by unsecured creditors, and issues pertaining to the proof of claim bar date.

H.　**Committee Governance and Meetings**

27.　G&M spent 19.3 hours at a cost of $7,253.50 on Committee governance and meetings matters. Time spent in this category included arranging, participating and leading telephonic meetings of the Committee, during which the Committee was apprised of case matters, and during which the Committee deliberated and voted on material case matters, as well as corresponding with Committee members. In addition, time was spent preparing Committee governance documents, including Committee by-laws and meeting minutes.

**I.    Litigation and Avoidance Actions**

28. G&M spent 49.2 hours at a cost of $17,140.00 on litigation and avoidance actions matters. G&M spent time preparing detailed document requests directed to the Debtor and its principals, negotiating the turnover of such documents, preparing and filing a motion for discovery pursuant to Bankruptcy Rule 2004 when the Debtor's production was incomplete, and reviewing hundreds of pages of documents ultimately produced by the Debtor.

29. G&M believes that it has laid the foundation for the Chapter 7 Trustee to complete its investigation of potential claims and causes of action against the principals and affiliates of the Debtor. Accordingly, G&M believes that its efforts substantially benefitted the estate, and it has provided the Committee with a more comprehensive understanding of the financial information that the Debtor provided and assisted the Committee in better understanding its options throughout the Debtor's chapter 11 case.

**EXPENSES REQUESTED**

25. Fees requested in this case were incurred in the ordinary course of representing the Committee and were necessary for the successful representation of the same. Amounts spent and categories of such expenses are as follows:

   a. PACER – G&M incurred PACER charges of $241.20. Whenever possible, G&M downloads documents so as to incur charges only one time. G&M does not charge a premium on PACER searches, and this amount is the exact amount paid by G&M.

   b. Travel and Meals – G&M incurred $7.75 for meals and expenses incurred during a meeting with Debtor's counsel.

   c. Mail and Postage – G&M incurred direct costs of $8.42 for mailing and serving

    motions and applications, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

    d. Photocopies – G&M incurred copy costs of $73.10. G&M charged the Court approved $0.10 per page.

    e. Deed and UCC Charges – G&M incurred costs of $107.50 for deed searches and UCC searches.

## **CONCLUSION**

26. G&M contends that all of its efforts and services, and the correspondence expenses incurred were necessary for the successful reorganization of the Debtor.

*[remainder of page intentionally left blank]*

**WHEREFORE**, G&M respectfully requests that this Court enter an order:

(a) Finding that G&M's compensation, in the amount of $56,618.00 is allowed on a final basis;

(b) finding that expenses incurred by G&M in the handling of this case were necessary and beneficial and are allowed in the amount of $437.97 on a final basis;

(c) directing the Debtor or its estate to pay to G&M the aggregate amount of $27,898.86 (as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code); and

(d) granting such order and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 19, 2016    **GOLDSTEIN & MCCLINTOCK LLLP**

/s/  Brian J. Jackiw
Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 S. LaSalle, Suite 1750
Chicago, Illinois 60604
Phone: (312) 337-7700
Fax: (312) 277-2305

*Counsel to the Official Committee of Unsecured Creditors*