**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **October 19, 2016** at **10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *First & Final Application of Skutch Arlow Group, LLC for Compensation for Services and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors*, a copy of which is hereby served upon you.

Date: September 26, 2016

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AGRI-FINE, INC.**

By: /s/ Brian J. Jackiw

Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: 312.337.7700
Facsimile: 312.277.2305

*Former Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

    I, Brian J. Jackiw, an attorney, hereby certify that on September 26, 2016, a true and correct copy of the *First & Final Application of Skutch Arlow Group, LLC for Compensation for Services and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors*, was served via the Court's CM/ECF system and electronic mail upon the parties appearing on the service list below.

                                                                                        /s/ Brian J. Jackiw

## SERVICE LIST

| *The Office of the U.S. Trustee* | *Counsel to Standard Bank & Trust Company* |
|---|---|
| Attn: Ms..Kimberly Bacher, Esq.<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604<br>Kimberly.Bacher@usdoj.gov | Arnstein & Lehr, LLP<br>Attn: David A. Golin, Esq., &<br>Konstantinos Armiros, Esq.<br>120 South Riverside Plaza, Ste. 1200<br>Chicago, IL 60606<br>dagolin@arnstein.com<br>krarmiros@arnstein.com |
| *Counsel to the Debtor*<br>Jonathan P. Friedland, Esq.<br>Elizabeth B. Vandesteeg, Esq.<br>Jack O'Connor, Esq.<br>**SUGAR FELSENTHAL GRAIS &HAMMER LLP**<br>30 N. LaSalle St., Ste. 3000<br>Chicago, Illinois 60602<br>Telephone: 312.704.9400<br>Facsimile: 312.372.7951<br>jfriedland@SugarFGH.com<br>evandesteeg@SugarFGH.com<br>joconnor@SugarFGH.com | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**COVER SHEET**
**FIRST AND FINAL APPLICATION OF SKUTCH ARLOW GROUP, LLC**
**AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Skutch Arlow Group, LLC |
| Authorized to provide services to: | Official Committee of Unsecured Creditors of Agri-Fine, Inc. |
| Effective Date of Retention: | December 29, 2015 |
| Period for which compensation is sought: | December 29, 2015 – June 2, 2016 |
| Amount of compensation sought as actual, Reasonable and necessary: | $29,880.00 |
| Amount of expense reimbursement sought: | $39.80 |
| Total final request: | $29,919.80 |
| Amount Received to Date: | $15,855.59 |
| Amount which remains owing to Skutch Arlow: | $14,064.21 |

This is a **final** application

Date: September 26, 2016   **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AGRI-FINE, INC.**

By: /s/ Brian J. Jackiw

    Thomas R. Fawkes, Esq.
    Brian J. Jackiw, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: 312.337.7700
Facsimile: 312.277.2305

*Former Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-FINE, INC. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**FIRST AND FINAL APPLICATION OF SKUTCH ARLOW GROUP, LLC
AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

Skutch Arlow Group, LLC ("*Skutch Arlow*"), financial advisor to the Official Committee of Unsecured Creditors (the "*Committee*"), hereby submits this First and Final Application of Skutch Arlow Group, LLC as Financial Advisor to the Official Committee of Unsecured Creditors For Allowance of Compensation and Reimbursement of Expenses (the "*Application*") pursuant to sections 330, 331, 503(b), and 507(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 5082-1 of the Local Rules for this District (the "*Local Rules*") and the Court's Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals & Committee Members (Docket No. 99, the "*Compensation Order*"). Skutch Arlow requests entry of an order allowing final compensation in the amount of $29,880.00 for services rendered, and $39.80 in actual and necessary expenses incurred, during the period from December 29, 2015 through and including June 2, 2016 (the "*Application Period*"). In support of the Application, Skutch Arlow respectfully states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.  On December 2, 2015 (the "*Petition Date*"), Agri-Fine Inc. (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"). Prior to the Conversion Date, the Debtor was in possession of its estate, and operated and managed its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  On December 10, 2015, the Office of the United States Trustee appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code [Docket No. 51].

5.  The Committee required an independent financial advisor to render certain services to it in the discharge of its duties in the chapter 11 case, including, reviewing and analyzing the Debtor's fnancial condition and the circumstances leading up to the current financial distress, current plan, and operating metrics as a basis, in part, for evaluating the value of the sale, potential for increasing bid amounts, and other issues related to recovery for unsecured creditors; assisting in the Committee's review of the financial and cash flow projections and cash collateral budgets to evaluate the risks and opportunities represented or inherent therein; preparing an analysis of potential chapter 5 recoveries (e.g., preferential

transfers and fraudulent conveyances); and evaluating other assets and claims available to the unsecured creditors and estimating their value, if any.

6.  On December 29, 2015, the Committee hired Skutch Arlow as its financial advisor, pending approval by the Court.

7.  On January 27, 2016, this Court entered an Order [Docket No. 101] approving Skutch Arlow's retention and employment retroactive to December 29, 2015.

8.  On June 2, 2016, this case was converted to a case under Chapter 7 of the Bankruptcy Code.

## SUMMARY OF FEE APPLICATION

9.  The Compensation Order permitted Skutch Arlow to file monthly statements for interim compensation and reimbursement of expenses ("*Monthly Statements*"); if no objections to such Monthly Statements were received within 7 days of service, Skutch Arlow was entitled to be paid 80% of its fees and 100% of the expenses requested in the Monthly Statements.

10. During its engagement, Skutch has filed five (5) Monthly Statements, for the months of January 2016 (including the period from December 29-31, 2015) through April 2016. No objections to any of these Monthly Statements were received. A schedule of the Monthly Statements filed by Skutch Arlow is set forth below.

| Date Filed & Dkt. No. | Monthly Period | Fees | Expenses | Fees Approved (80%) | Expenses Approved (100%) |
|---|---|---|---|---|---|
| 2/16/16 – Dkt. No. 131 | January 2016 | $7,840.00 | $6.60 | $6,272.00 | $6.60 |
| 3/15/16 – Dkt. No. 170 | February 2016 | $8,880.00 | $0.00 | $7,104.00 | N/A |
| 4/20/16 – Dkt. No. 220 | March 2016 | $6,000.00 | $33.20 | $4,800.00 | $33.20 |

| 5/23/16 – Dkt. No. 247 | April 2016 | $6,400.00 | $0.00 | $5,120.00 | N/A |

11. Skutch Arlow received payment in the amount of $15,855.59 on account of the foregoing Monthly Statements.

12. In addition, for the period from May 1, 2016 through and including June 2, 2016 (the "*Remaining Time Period*"), Skutch Arlow incurred fees in the amount of $760.00, for which it seeks approval and payment under this Fee Application. Detailed time entries are attached to Exhibit A to this Fee Application.

13. For the Application Period, Skutch Arlow seeks final approval of $29,880.00 in fees and $39.80 in expenses. Moreover, Skutch Arlow seeks payment in the amount of $14,064.21 in fees and expenses for the Remaining Time Period and amounts not collected on account of the approved Monthly Statements.

## RELIEF REQUESTED

14. In total, Skutch Arlow has received $15,855.59 to date on account of its Monthly Statements. Accordingly, if this Fee Application is allowed in full, Skutch Arlow shall be due $14,064.21 for allowed, but unpaid, compensation and expenses.

15. Narrative summaries of the services rendered by Skutch Arlow during the Application Period are set forth below. In addition, an itemized statement attached hereto as *Exhibit A* sets forth in detail the services rendered by Skutch Arlow professionals during the Application Period and the actual expenses incurred by Skutch Arlow during the Application Period.

## SERVICES PERFORMED DURING APPLICATION PERIOD

16.  All services performed by Skutch Arlow fall within the description of services that Skutch Arlow agreed to provide to the Committee and are within the scope of services described in the Committee's application to retain and employ Skutch Arlow as its financial advisor.

17.  Skutch Arlow's hourly rates of compensation for its professionals during the Application Period were $400.00. The rates charged herein are comparable to rates charged by other financial advisors having the same amount of experience, expertise, and standing for similar services. Skutch Arlow consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible. The reasonable value of the services rendered by Skutch Arlow as the Committee's financial for which compensation is hereby sought is $29,880.00 for services rendered during the Application Period.

18.  In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

19.  Skutch Arlow reserves the right to correct, amend, or supplement this Application.

## SUMMARY OF SERVICES

20.  A summary of the compensation requested herein for the Application Period, broken down by each of the Skutch Arlow professionals who provided services during such period, is set forth in the chart below:

| Name of Professional Person | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|
| Joshua R. Arlow | $400.00 | 77.3 | $28,240.00 |
| Steven N. Skutch | $400.00 | 4.1 | $1,640.00 |
| **TOTAL** | | **81.4** | **$29,880.00** |

21.  Further, a summary of the compensation requested herein for the Application Period, broken down by the services rendered provided, is set forth in the chart below:

| Category of Services | Total Hours | Total Fees |
|---|---|---|
| Committee Consultation | 6.4 | $2,560.00 |
| Fee Application, Invoice and Time Management | 11.2 | $2,920.00 |
| Investigation of Operations and Assets | 41.1 | $15,400.00 |
| Retention | 2.5 | $920.00 |
| Sale, Plan and Disclosure Statement | 18.4 | $7,360.00 |
| Strategy and Case Review | 1.8 | $720.00 |
| **TOTAL** | **81.4** | **$29,880.00** |

## BENEFIT TO THE ESTATE

22.  Skutch Arlow's efforts have substantially benefited the estate. Skutch Arlow's efforts have ensured that the Committee was adequately informed as to the various developments throughout the pendency of the Debtor's chapter 11 case. Skutch Arlow's professionals have spent significant amounts of time investigating potential avenues of recovery, as well as assisting the Debtor, and the Committee and its counsel, in the sale process.

23.     Skutch Arlow has been instrumental to the Committee in providing consultation, analysis and advice on business matters and transactions of the Debtor during the entire Application Period.

24.     Generally, Skutch Arlow has provided the following general services:

**A.     Committee Consultation**

20.     Skutch Arlow spent 6.4 hours at a cost of $2,560.00 on Committee consultation matters. This category primarily includes time spent participating in telephonic meetings of the Committee, during which the Committee was apprised of case matters, and during which the Committee deliberated and voted on material case matters, as well as corresponding with Committee members.

**B.     Fee Application, Invoice and Time Management**

21.     Skutch Arlow spent 11.2 hours at a cost of $2,920.00 on fee application, invoice and time management issues. This category primarily includes time spent preparing Skutch Arlow's Monthly Statements, and corresponding with the Committee's counsel regarding the preparation and filing of the same.

**C.     Investigation of Operations and Assets**

22.     Skutch Arlow spent 41.1 hours at a cost of $15,400.00 on investigation of operations and assets. This category includes time spent engaging in an analysis of potential estate claims and causes of action against the Debtor's non-debtor affiliates, as well as its insiders. This analysis involved the review of significant documentation produced by the Debtor, as well as a site visit to ensure that the Debtor was adhering to its disclosure obligations. Finally, Skutch Arlow professionals communicated frequently with the Committee's counsel concerning its claims analysis.

**D.     Retention**

23.    Skutch Arlow spent 2.5 hours at a cost of $920.00 on retention matters. This category includes the time spent reviewing, and assisting Committee's counsel in the preparation of, Skutch Arlow's retention application and retention order, and negotiating with the Debtor concerning the terms of its retention.

**E.     Sale, Plan and Disclosure Statement**

24.    Skutch Arlow spent 18.4 hours at a cost of $7,360.00 on asset sale matters. This category includes time spent reviewing and commenting upon the Debtor's sale documents (including the stalking horse asset purchase agreement with Pullman Sugar); assisting the Debtor in its marketing efforts, including contacting a host of potential strategic and financial buyers, engaging in negotiations with the Debtor, Standard Bank, and the purchaser of substantially all of the Debtor's assets regarding the asset purchase agreement; and attending and participating in hearings pertaining to the sale of the Debtor's assets.

**F.     Strategy and Case Review**

25.    Skutch Arlow spent 1.8 hours at a cost of $720.00 on strategy and case review matters. This matter includes engaging in communications and analysis concerning general strategic considerations in the Debtor's chapter 11 case, and in maximizing estate value for the benefit of the estate and the Debtor's general unsecured creditors.

26.    Skutch Arlow believes that it has helped lay the foundation for the Chapter 7 Trustee to complete its investigation of potential claims and causes of action against the principals and affiliates of the Debtor. Accordingly, Skutch Arlow believes that its efforts substantially benefitted the estate, and it has provided the Committee with a more comprehensive

understanding of the financial information that the Debtor provided and assisted the Committee in better understanding its options throughout the Debtor's chapter 11 case.

## EXPENSES REQUESTED

25. Fees requested in this case were incurred in the ordinary course of representing the Committee and were necessary for the successful representation of the same. Amounts spent and categories of such expenses are as follows:

 a. PACER – Skutch Arlow incurred PACER charges of $39.80. Whenever possible, Skutch Arlow downloads documents so as to incur charges only one time. Skutch Arlow does not charge a premium on PACER searches, and this amount is the exact amount paid by Skutch Arlow.

## CONCLUSION

26. Skutch Arlow contends that all of its efforts and services, and the corresponding expenses incurred, were reasonable and necessary, and benefitted the estate and creditors.

**WHEREFORE**, Skutch Arlow respectfully requests that this Court enter an order: (a)

(a) Allowing, on a final basis, compensation in the amount of $29,880.00 as a chapter 11 administrative expense pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) Allowing, on a final basis, reimbursement of expenses in the amount of $39.80 as a chapter 11 administrative expenses pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) Directing the chapter 7 trustee, as funds become available, to make payment to Skutch Arlow in the aggregate amount of $14,064.21; and

(d) granting such other and further relief as the Court deems just and proper.

Date:  September 26, 2016    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AGRI-FINE, INC.**

By: /s/   Brian J. Jackiw

    Thomas R. Fawkes, Esq.
    Brian J. Jackiw, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone:  312.337.7700
Facsimile:   312.277.2305

*Former Counsel to the Official Committee of Unsecured Creditors*