## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc., | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

---

### NOTICE OF MOTION

*Please take notice* that on **October 19, 2016** at **10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Amended Second & Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtor*, at which time and place you may appear as you see fit.

If you have any objection to the Application, please file and serve the objection by **October 4, 2016**.

Date: September 29, 2016

*Sugar Felsenthal Grais & Hammer LLP*

By:  _/s/ Jonathan Friedland_____
One of the Debtor's Attorneys

Jonathan P. Friedland, Esq. (IL No. 6257902)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
Jack O'Connor, Esq. (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:  312.372.7951
jfriedland@SugarFGH.com
evandesteeg@SugarFGH.com
joconnor@SugarFGH.com

*Counsel to the Debtor*

SFGH:4834-1333-1247v2

### CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 29, 2016, a true and correct copy of the *Amended Second & Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtor* was served via the Court's CM/ECF system and electronic mail upon the parties appearing on the service list below.

Date:  September 29, 2016

By:   /s/  Jack O'Connor
      One of the Debtor's attorneys

## Service List

*Via ECF and E-Mail:*

**The Office of the U.S. Trustee**
U.S. Trustee Patrick S. Layng
Attn: Ms.Kimberly Bacher, Esq.
219 S. Dearborn St., Room 873
Chicago, IL 60604
Kimberly.Bacher@usdoj.gov

**Counsel to the Creditors' Committee**
Goldstein & McClintock, LLLP
Attn: Thomas Fawkes, Esq., & Brian Jackiw, Esq.
208 S. LaSalle St., Ste. 1750
Chicago, IL 60604
tomf@restructuringshop.com
brianj@restructuringshop.com

**Counsel to Standard Bank & Trust Company**
Arnstein & Lehr, LLP
Attn: David A. Golin, Esq., &
Konstantinos Armiros, Esq.
120 South Riverside Plaza, Ste. 1200
Chicago, IL 60606
dagolin@arnstein.com
karmiros@arnstein.com

**R Scott Alsterda, Chapter 7 Trustee**
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, IL 60602
rsalsterda@nixonpeabody.com

SFGH:4834-1333-1247v2

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc. | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

---

### COVER SHEET
### AMENDED SECOND & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HAMMER LLP FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR

---

Name of Applicant:  Sugar Felsenthal Grais & Hammer LLP

Authorized to provide services to:  Agri-Fine, Inc.

Effective Date of Retention:  December 2, 2015 (Dkt. 90)

Period for which compensation is sought:  December 2, 2015 through May 24, 2016

Amount of compensation sought as actual, reasonable, and necessary:  $431,333.00

Amount of expense reimbursement sought:  $8,617.55

Total request:  $439,950.55

This is a **final** application


Date:   September 29, 2016         SUGAR FELSENTHAL GRAIS & HAMMER LLP

By:  _____ /s/ Jonathan Friedland, Esq. _____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Agri-Fine, Inc., | ) | Case No. 15-41000 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

---

**AMENDED SECOND & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HAMMER LLP**
**FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR**

---

Sugar Felsenthal Grais & Hammer LLP ("*SugarFGH*"), counsel to Agri-Fine, Inc., (the "*Debtor*"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "*Case*"), submits this Amended Second & Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation & Reimbursement of Expenses as Counsel to the Debtor (the "*Amended Fee Application*") under § 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 5082-1, and according to the Court's *Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals & Committee Members* (the "*Compensation Order*"). (Dkt. 99.) In support of this Amended Fee Application, SugarFGH states:

**I.     JURISDICTION & VENUE**

1.     The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Application are §§ 330, 331, 503(b), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 5082-1.

**II.    CASE BACKGROUND**

2.     On December 2, 2015 (the "*Petition Date*"), the Debtor filed a voluntary petition

for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The Court entered an order approving the Debtor's Application to employ SugarFGH as its counsel, retroactive to the Petition Date, on January 12, 2016. (Dkt. 90.)[1]

### III.   EXECUTIVE SUMMARY OF THIS AMENDED FEE APPLICATION

3.      SugarFGH submits this Amended Fee Application, seeking allowance of its fees and expenses for the period beginning December 2, 2016, through May 24, 2016 (the "*Application Period*") on a final basis as discussed below.

4.      Under the Interim Fee Order and Monthly Statements, and the May Monthly Statement described below, SugarFGH has shown the Court that it incurred fees and expenses during the Application Period totaling $452,762.05. By this Amended Final Fee Application, SugarFGH seeks approval on a final basis of $439,950.55 in total fees and expenses. The total pool of funds available to pay these amounts, comprised of prepetition advance-payment retainer amounts and payments from carveout amounts under the Final Financing Order, totaled $346,195.00. Thus, in the event this Amended Fee Application is allowed in full, SugarFGH will be awarded a total amount of compensation for fees and expenses equaling $93,755.55, which will likely remain unpaid because the Debtor's estate is not in a position to make payment in full on administrative expense claims.

5.      As discussed in greater detail in this Application, SugarFGH is requesting that certain amounts disallowed by the Court on an interim basis under the Interim Fee Order now be allowed on a final basis. In total, SugarFGH is requesting that the Court allow $10,285.00 of

---

[1]   The Court entered the Compensation Order on January 27, 2016. (Dkt. 99.) The Compensation Order authorizes each professional retained in this Case, including SugarFGH, to file and serve on the parties identified in the Compensation Order (the "*Notice Parties*") monthly statements of fees and expenses. If no timely objection was filed before the expiration of the objection period, the Debtor was authorized to pay each professional 80% of the fees and 100% of the expenses requested in the monthly statement.

SFGH:4834-1333-1247v2

previously disallowed fees from the First Interim Period (defined below), in addition to those amounts already approved by the Court on an interim basis under the Interim Fee Order.

6.      In addition to the amounts for which SugarFGH requests final approval incurred during the First Interim Period, SugarFGH is seeking final approval of $186,565.50 as compensation, and $835.47 in reimbursable expenses for services it performed during the Second Interim Period (defined below). These amounts are discussed in greater detail below.

7.      While obviously not determinative as to whether this Amended Fee Application should be granted in full, SugarFGH notes that neither the Lender nor the U.S. Trustee's office has formally objected to the amounts sought by SugarFGH under its Interim Fee Application or its Monthly Statements.

8.      This application is SugarFGH's second and final request for allowance of fees and reimbursement of expenses. Under this Amended Fee Application, SugarFGH seeks an order (a) allowing and approving **$431,333.00** as final compensation for professional services rendered and reimbursement of **$8,617.55** for actual and necessary expenses incurred by SugarFGH during the Application Period; and (b) authorizing payment to SugarFGH for amounts approved under the Amended Fee Application not already paid by the Debtor, subject in all respects to orders of this Court.

9.      All services for which SugarFGH seeks compensation under this Application were performed for or on behalf of the Debtor. Attached to this Application as Exhibits A and B are detailed statements of fees incurred by SugarFGH during the Application Period. As discussed below in detail, SugarFGH is not seeking compensation for all of the fees it billed during the Application Period, in light of certain entries and amounts reduced by the Court under the Interim Fee Order. These entries are marked and noted as such in Exhibit A. Likewise, in

3

certain circumstances, SugarFGH is requesting final approval for amounts reduced by the Court under the Interim Fee Order. These amounts are similarly marked and noted as revised or updated entries. In each instance, the entries refer to the Court's original reasoning stated for reducing SugarFGH's fees under the Interim Fee Order.

10.     The time described in the billing statements attached to this Amended Fee Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SugarFGH attorneys and paralegals who rendered the services described. In certain instances, the time reflected in the billing statements has been reduced in an effort by SugarFGH to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

11.     SugarFGH's reduced hourly rates of compensation for attorneys and paraprofessionals during the Application Period ranged from $125 to $550. SugarFGH reduced its hourly rates in this Case as an accommodation to the Debtor, set at a level designed to fairly compensate SugarFGH's professionals, and to cover fixed and routine overhead expenses. Regardless, these reduced rates are comparable to, or lower than, rates charged by other practitioners having the same level of experience, expertise, and standing for similar services. SugarFGH consistently and consciously made every reasonable effort to represent the Debtor in the most economical, efficient, and practical manner possible.

12.     SugarFGH submits that the compensation sought under this Amended Fee Application represents a fair and reasonable amount for the services rendered during the Application Period given the criteria set forth in §§ 327 and 330 of the Bankruptcy Code for evaluating applications for compensation, namely:

      (i)    the nature, extent and value of the services;

      (ii)   the time spent;

4

(iii) the rates charged for such services;

(iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and

(v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

## IV.    SUGARFGH'S FIRST INTERIM FEE APPLICATION & REQUEST FOR FINAL APPROVAL OF AMOUNTS DISALLOWED UNDER THE INTERIM FEE ORDER

13.    As allowed under the Compensation Order, SugarFGH submitted one interim application for fees and reimbursement of expenses (the "*First Interim Fee Application*"), for the period beginning December 2, 2015 through February 29, 2016 (the "*First Interim Period*"). The Court granted the First Interim Fee Application on an interim basis, in part, and entered *Findings of Fact & Conclusions of Law in Support of Order Awarding to Sugar Felsenthal Grais & Hammer LLP, Attorneys for Debtor, for Allowance & Payment of Payment of First Interim Compensation & Reimbursement of Expenses* (the "*Interim Fee Order*") (Dkt. 213.) The First Interim Fee Application, along with the amounts allowed by the Court under the Interim Fee Order are summarized as follows:

| Date Filed (Dkt. No.) | Period Covered | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|
| 03.20.16 (Dkt. 184) | 12.02.15 – 02.29.16 | $257,579.00 | $7,023.98 | $234,482.50 | $6,783.20 |

14.    The Court disallowed, on an interim basis, a total of $23,096.50 in compensation, and $240.78 in expense reimbursement under the Interim Fee Order. Under this Amended Fee Application, SugarFGH now seeks approval on a final basis of the amounts already awarded under the Interim Fee Order, plus $10,285.00 in fees previously disallowed under the Interim Fee Order.

5

**A.  Request for Final Approval of Compensation Initially Disallowed Under Interim Fee Order**

15.    Of the $23,096.50 in compensation disallowed under the Interim Fee Order, SugarFGH seeks compensation on a final basis for $10,285.00 of these amounts, broken down across two categories of time entries. SugarFGH requests final approval of (a) $9,050.00 in fees denied on the basis that SugarFGH's time entries contained "insufficient descriptions" of the work performed by its professionals; and (b) $1,235.00 in fees disallowed as 10% of time entries identified by the Court as inappropriately "lumped," together. In support of this request, SugarFGH attaches *Exhibit A* to this Application, which contains SugarFGH's billing statements for the First Interim Period, and includes revised time entries for which SugarFGH seeks final approval. These revised entries are highlighted in yellow and marked in the left hand margin as "Revised –" identifying the Court's originally stated reasoning for denying these fees under the Interim Fee Order.

*1)  SugarFGH Has Revised its Time Entries to Provide Sufficient Descriptions of the Services Rendered for $9,050.00 in fees Denied Under the Interim Fee Order*

16.    The Interim Fee Order identified numerous entries as containing insufficient descriptions of the time spent by SugarFGH's professionals during the First Interim Period. SugarFGH has reviewed each of these time entries, addressed these issues with the attorneys or other professionals responsible for the time entered, and attached Exhibit A now contains revised entries, highlighted in yellow and marked as "Revised–Insufficient Description," for which SugarFGH seeks compensation on a final basis. These revised entries total $9,050.00 in requested compensation previously denied on an interim basis.

17.    SugarFGH submits that the revised time entries in Exhibit A provide sufficient descriptions of the services provided by SugarFGH for each of these entries, and requests that the Court allow these amounts on a final basis.

6

### 2) SugarFGH Has Revised its Time Entries to Separate Previously "Lumped" Entries & Seeks Final Approval of $1,235.00 for These Revised Entries

18.     The Interim Fee Order also identified numerous entries as improperly "lumping," time. As such, the Court denied 10% of the amounts identified as lumping under the Interim Fee Order.

19.     SugarFGH has reviewed each of these time entries, addressed these issues with the attorneys or other professionals responsible for the time entered, and attached Exhibit A now contains revised entries, highlighted in yellow and marked as "Revised–Insufficient Description," for which SugarFGH seeks compensation on a final basis. These revised entries total $1,235.00 in compensation previously denied on an interim basis.

20.     SugarFGH submits that these revised time entries adequately describe the time spent under each entry by the professional or paraprofessional responsible for the entries. SugarFGH therefore requests that the Court allow SugarFGH compensation for these entries, in full, on a final basis.

### 3) Time Entries for Which SugarFGH Is not Seeking Final Approval

21.     SugarFGH is not requesting approval of the remaining $12,811.50 worth of time entries and fees disallowed under Interim Fee Order. SugarFGH has identified these time entries in Exhibit A by underlining them and making notes in the margins for the Court, showing that SugarFGH is not requesting compensation, with the designation "Reduced – [Court's Reasoning for Disallowance]" next to each of these entries.

### V.    SUGARFGH'S FEES & EXPENSES DURING THE SECOND INTERIM PERIOD, & REQUEST FOR FINAL APPROVAL OF SAME

22.     Following the First Interim Period, SugarFGH filed monthly statements for interim compensation and expense reimbursement for March and April 2016 (collectively, the "*Monthly Statements*"). No party objected to any of the Monthly Statements. The amounts

sought under each Monthly Statements are summarized as follows:

| Date Filed & (Dkt. No.) | Monthly Period | Fees | Expenses | Fees Approved (80%) | Expenses Approved (100%) |
|---|---|---|---|---|---|
| 04.15.16 (Dkt. 211) | 03.01.16 – 03.31.16 | $108,312.50 | $1,632.10 | $86,650.00 | $1,632.10 |
| 05.13.16 (Dkt. 239) | 04.01.16 – 04.30.16 | $67,866.00 | $202.25 | $54,292.80 | $202.25 |
| | Totals: | $176,178.50 | $1,834.35 | $140,942.80 | $1,834.35 |

23.    For the period beginning May 1, 2016 through the Conversion Date, SugarFGH also incurred fees and expenses for which it seeks compensation under this Amended Final Fee Application. These amounts are summarized as follows (the "*May Monthly Statement*"):

| Monthly Period | Fees | Expenses |
|---|---|---|
| 05.01.16 – 05.24.16 | $13,566.00 | $0.00 |

24.    Attached *Exhibit B* contains all of the time entries of SugarFGH's professionals from March 1, 2016 through the Conversion Date (the "*Second Interim Period*") In total, SugarFGH's attorneys spent 477.3 hours providing professional services to the Debtor in this Case at a gross cost of $186,565.50, for which SugarFGH seeks compensation on a final basis, in addition to those amounts sought from the First Interim Period.

25.    A summary of the gross compensation billed by SugarFGH's professionals during the Second Interim Period, itemized by professional and paraprofessional, follows:

| Name | Abbrev. | Title | Reduced Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| Jonathan P. Friedland | JPF | Senior Partner | $550 | 56.6 | $ 31,130.00 |
| Aaron L. Hammer | ALH | Senior Partner | $550 | 1.2 | $ 660.00 |
| Etahn M. Cohen | EMC | Partner | $510 | 1.6 | $ 816.00 |
| Mark S. Melickian | MSM | Partner | $500 | 1.4 | $ 700.00 |
| Elizabeth B. Vandesteeg | EBV | Partner | $450 | 132.2 | $ 59,490.00 |

8

| Name | Abbrev. | Title | Reduced Hourly Rate | Total Hours | Total Fees |
|------|---------|-------|---------------------|-------------|------------|
| Matthew B. Schiff | MBS | Partner | 495 | 0.9 | $ 445.50 |
| William F. McGuinn | WFM | Partner | $495 | 7.6 | $ 3,762.00 |
| David M. Madden | DMM | Associate | $360 | 8.9 | $ 3,204.00 |
| John (Jack) R. O'Connor | JRO | Associate | $350 | 200.7 | $ 70,245.00 |
| Tricia L. Schwallier | TLS | Associate | $295 | 15.9 | $ 4,690.50 |
| Jeffrey C. Demma | JCD | Paralegal | $250 | 4.2 | $ 1,050.00 |
| Jennifer L. Sherpan | JLS | Paralegal | $225 | 46.1 | $ 10,372.50 |
| | | | Total: | 477.3 | $ 186,565.50 |
| | | | Blended Hourly Rate: | | $ 390.88 |

26.     SugarFGH submits that the compensation sought under this Amended Fee Application for the services rendered during the Second Interim Period represent fair and reasonable amounts for the services performed, and requests that the Court allow these amounts on a final basis under this Amended Fee Application.

## VI.     SUMMARY OF SERVICES RENDERED & EXPENSES INCURRED DURING THE ENTIRE APPLICATION PERIOD

27.     In total, SugarFGH's professionals spent **1,087.4** hours providing professional services to the Debtor in this Case at a gross cost of **$444,144.50**. The Debtor's professionals expended a significant effort during the Application Period, covering both the First Interim Period and Second Interim Period, to ensure the successful administration of this Case, including positioning the Debtor for the sale of its assets in a prompt, orderly manner. Accordingly, the time spent and expenses incurred during the Application Period were necessary and appropriate under the circumstances, with SugarFGH attending to essential tasks during the Application Period.

28.     A summary of the *gross* compensation billed by SugarFGH's professionals during

9

the Application Period, including those amounts for which SugarFGH is not seeking final approval, itemized by professional and paraprofessional, follows:

| Name | Abbrev. | Title | Reduced Hourly Rate | Total Hours | Total Fees |
|------|---------|-------|---------------------|-------------|------------|
| Jonathan P. Friedland | JPF | Senior Partner | $550 | 116.8 | $ 64,240.00 |
| Aaron L. Hammer | ALH | Senior Partner | $550 | 1.2 | $ 660.00 |
| Etahn M. Cohen | EMC | Partner | $510 | 1.6 | $ 816.00 |
| Mark S. Melickian | MSM | Partner | $500 | 87.0 | $ 43,500.00 |
| Elizabeth B. Vandesteeg | EBV | Partner | $450 | 317.6 | $ 142,920.00 |
| William F. McGuinn | WFM | Partner | $495 | 7.6 | $ 3,762.00 |
| Matthew B. Schiff | MBS | Partner | $495 | 1.5 | $ 742.50 |
| Michael A. Brandess | MAB | Associate | $400 | 5.9 | $ 2,360.00 |
| David M. Madden | DMM | Associate | $360 | 85.6 | $ 30,816.00 |
| John (Jack) R. O'Connor | JRO | Associate | $350 | 391.4 | $ 136,990.00 |
| Tricia L. Schwallier | TLS | Associate | $295 | 15.9 | $ 4,690.50 |
| Jeffrey C. Demma | JCD | Paralegal | $250 | 4.2 | $ 1,050.00 |
| Paris C. Love | PCL | Paralegal | $245 | 5.0 | $ 1,225.00 |
| Jennifer L. Sherpan | JLS | Paralegal | $225 | 46.1 | $ 10,372.50 |
| | | | **Total:** | **1,087.4** | **$ 444,144.50** |
| | | **Adjustment for Non-Requested Fees Disallowed Under Interim Fee Order:** | | | **$ (12,811.50)** |
| | | | **Net Request:** | | **$ 431,333.00** |
| | | **Blended Hourly Rate Before Adjustment:** | | | **$ 408.45** |

## A. Summary Description of Services Rendered By Category

29.    The services rendered by SugarFGH during the Application Period are grouped into 14 categories, and the attorneys and paraprofessionals who rendered those services are identified—along with the number of hours spent by each individual and the total compensation sought for each category—in the attachments to this Amended Fee Application. Brief descriptions of the services rendered by SugarFGH, along with gross hours and costs during the

10

Application Period, by category, follow:

### 1)  General Case Administration

SugarFGH spent 350.6 hours at an aggregate cost of $153,505.00 on general matters. This category includes time spent appearing in court for various omnibus hearings on the Debtor's behalf; seeking an emergency hearing at the outset of the Case to address immediate issues of Case administration; corresponding and conferencing with the Debtor's representatives regarding the status of the Case; addressing issues relating to the Debtor's proposed continued use of its utilities, and negotiating with representatives for the Metropolitan Water Reclamation District regarding these issues; corresponding with the Committee's professionals regarding informal document requests and later addressing these requests under a Rule 2004 motion brought by the Committee; analyzing and negotiating a settlement of a motion to lift the automatic stay brought by one of the Debtor's creditors in this Case; and drafting the motion to dismiss or convert this Case to a chapter 7 proceeding. This category also includes matters encompassing more than one discrete category.

### 2)  Schedules & Reports

SugarFGH spent 58.1 hours at an aggregate cost of $22,074.00 on issues related to the Debtor's schedules and reports. This category includes time spent during the Application Period preparing and amending the Debtor's schedules and statements of financial affairs; preparing abstracts of the Debtor's schedules; and preparing the Debtor's monthly operating reports.

### 3)  Asset Analysis & Business Operations

SugarFGH spent 21.6 hours at an aggregate cost of $8,310.00 on issues related to analyzing the Debtor's assets postpetition, including negotiating with parties in possession of the Debtor's assets, and filing a motion to abandon certain property of the estate.

### 4)  SugarFGH Retention & Fee Applications

SugarFGH spent 51.5 hours at an aggregate cost of $18,275.00 related to preparing and presenting its retention and fee applications. During the Application Period, SugarFGH's professionals spent time drafting an application and related documents for the Debtor to employ SugarFGH as its counsel; drafting and reviewing SugarFGH's Monthly Statements to ensure their compliance with local rules and the Compensation Order; and drafting the First Interim Fee Application.

### 5)  Other Professional Retention & Fee Applications

SugarFGH spent 67.5 hours at an aggregate cost of $23,566.00 related to reviewing and scrutinizing the employment applications, monthly fee statements, and interim fee

applications of other professionals. This category includes time spent during the Application Period preparing applications to employ the Debtor's other professionals, including the Debtor's financial advisor, KCP Advisory Group, LLC, and the Debtor's special litigation counsel, the Stang Law Firm. SugarFGH's professionals also spent time during the Application Period assisting these professionals in preparing and filing their own monthly statements for interim compensation under the Compensation Order. SugarFGH also spent time during the Application Period preparing interim fee applications for each of these professionals.

This category also includes time spent reviewing applications and analyzing issues related to the Committee's retention of its own professionals, Goldstein McClintock LLLP, and The Skutch Arlow Group, LLC. This category also includes time spent reviewing and analyzing retention applications and monthly statements submitted by these professionals.

### 6) *Executory Contracts & Unexpired Leases*

SugarFGH spent 47.2 hours at an aggregate cost of $18,127.00 related to executory contracts and unexpired leases. This category includes time spent during the Application Period corresponding and negotiating with various counterparties to unexpired railcar lease agreements with the Debtor, analyzing the postpetition necessity of these leases, and drafting, revising, and presenting a motion to reject certain unexpired leases.

### 7) *Claims Analysis & Objections*

SugarFGH spent 25.4 hours at an aggregate cost of $10,098.00 related to analyzing claims and priority issues. This category includes time spent during the Application Period analyzing and negotiating with various creditors asserting claims against the Debtor's estate, including claimed amounts for administrative priority payments under § 503(b)(9) of the Bankruptcy Code; claims raised by the Metropolitan Water Reclamation District; claims asserted against the Debtor as administrative priority expenses asserted by railcar lease parties; and other issues relating to administering claims in this Case.

### 8) *Secured Creditor Issues*

SugarFGH spent 74.3 hours at an aggregate cost of $32,028.00 related to issues with the Debtor's secured creditors. This category includes time spent negotiating and analyzing the terms of a revised cash collateral order and budget agreed to with the Debtor's senior secured lender, Standard Bank & Trust Company (the "*Lender*"); negotiating the terms of a final cash collateral order with the Lender and other parties in interest in the Case; corresponding with key parties in the Case regarding issues raised by the Debtor's use of cash collateral, including any potentially unencumbered assets available for distributions to unsecured creditors; analyzing a motion filed by the Committee seeking to extend its

investigation period of the Lender's asserted secured interest in the Debtor's property; and negotiating with Ally Bank, which held a secured interest in one of the Debtor's vehicles, for the satisfaction of its interest upon the sale of the Debtor's assets.

### 9)  Creditor Inquiries, Negotiations & Settlement

SugarFGH spent 10.6 hours at an aggregate cost of $4,570.00 on issues relating to inquiries and information requests of creditors in the Case.

### 10) Asset Sales

SugarFGH spent 367.8 hours at an aggregate cost of $147,910.50 on the sale of substantially all of the Debtor's assets. This category includes time spent during the Application Period drafting, revising, and presenting a motion to establish bidding procedures for the sale of the Debtor's assets, including numerous attachments to the bidding procedures motion. Negotiating the terms of, and drafting, a proposed asset purchase agreement with the Debtor's stalking horse bidder for presentation to the Court associated with the bidding procedures motion; amending the proposed bidding procedures order following the stalking horse bidder's requested change in terms to the asset purchase agreement; working with the Debtor's outsourced service company to ensure the bidding procedures order and its attachments were properly served on creditors in the Case; negotiating with various parties in interest regarding the terms of a sale order designed to transfer the Debtor's assets free and clear of liens and encumbrances while protecting the interests of parties affected by the sale; attending numerous hearings relating to the asset sale; coordinating with the Debtor's financial advisor regarding marketing the Debtor's assets for sale and providing support where necessary during the process; conferencing with the Debtor, representatives of the Committee, and the Lender, on a weekly basis regarding the progress of the sale process.

### 11) Plan & Disclosure Statement

SugarFGH spent 0.2 hours at an aggregate cost of $70.00 on plan and disclosure statement issues. This category includes time spent during the Application Period analyzing the need to draft a plan and disclosure statement in this Case following the sale of the Debtor's assets.

### 12) Litigation

SugarFGH spent 6.5 hours at an aggregate cost of $3,145.00 on matters related to litigation issues. This category includes time spent during the Application Period corresponding and conferencing with the Debtor's special litigation counsel to address litigation issues and claims as they related to these proceedings.

### 13) Employee Benefits & Pensions

SugarFGH spent 5.3 hours at an aggregate cost of $2,136.00 on issues related to

SFGH:4834-1333-1247v2

Employee Benefits in this Case. This category includes time spent during the Application Period analyzing the Debtor's employee benefits obligations postpetition; and corresponding with the Debtor regarding these obligations.

### 14) *Relief From Stay & Adequate Protection Issues*

SugarFGH spent 0.3 hours at an aggregate cost of $105.00 on relief from stay and adequate protection issues in this Case.

### 15) *Tax Issues*

SugarFGH spent 0.5 hours at an aggregate cost of $225.00 on tax issues in this Case. This category includes time spent during the Application Period corresponding with the Debtor's accountant regarding accounting and tax issues in the Case.

## B. Expenses Incurred

30.    In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Application Period are set forth in *Exhibit C* attached to this Amended Fee Application.  Expenses during the Application Period totaled $8,617.55, and were incurred in the following categories:

a. *Photocopying*

SugarFGH incurred copying and printing charges in the amount of $1,045.55. SugarFGH charges clients $0.10 per copy.

b. *Postage*

SugarFGH incurred postage charges in the amount of $35.46.  SugarFGH charges clients $0.10 per copy.

c. *Publication & Public Notice Charges*

SugarFGH incurred $3,750.00 in charges associated with publishing notice of the sale of the Debtor's assets at a proposed auction in certain industry publications and generally-circulated publications.

d. *Third Party Copy & Postage Costs*

SugarFGH incurred copy, postage, and service charges in the amount of $1,325.89 during the Fee Application Period related to using a third party mass mailing service (BMC group) in this Case for serving certain filed documents meant to go to large numbers of creditors or all creditors in this Case.

SFGH:4834-1333-1247v2

  e. *CM/ECF Access & Filing Charges*

  SugarFGH incurred charges for use of the Court's internal CM/ECF filing system, including filing fees in this Case, in the amount of $1,784.75 during the Fee Application Period.

  f. *Miscellaneous Charges*

  SugarFGH incurred additional expenses in the amount of $675.90 in connection with miscellaneous matters, including transportation; client working meals; and costs associated with lien searches.

  31. All expenses incurred by SugarFGH in connection with its representation of the Debtor were ordinary and necessary expenses.  All expenses billed to the Debtor were billed in the same manner SugarFGH bills its non-bankruptcy clients.

  32. SugarFGH does not bill its clients or seek compensation in this Amended Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic legal research, and facsimile transmissions.  Such expenses are factored into SugarFGH's hourly rates.

  33. SugarFGH further notes that it is not seeking reimbursement under this Amended Fee Application for the $240.78 in expenses the Court disallowed under the Interim Fee Order. These amounts are noted in the attached Exhibit C, with notes corresponding to the Court's reasoning for disallowing the expenses under the Interim Fee Order.

  **C. SugarFGH Provided a Benefit to the Estate During the Fee Application Period**

  34. SugarFGH's services rendered during the Application Period were beneficial to the Debtor's estate and creditors in this Case, and its requested compensation should be approved on a final basis.

  35. SugarFGH provided valuable assistance and guidance to the Debtor as its counsel throughout the Fee Application Period. From the Petition Date, SugarFGH's professionals worked to ensure the effective, smooth administration of this Case, working with all parties in

15

interest to ensure the Case's success. SugarFGH kept a constant, open dialogue with key parties in this Case, including the Lender, the Committee, various governmental authorities, and the Debtor's asset purchaser, completing a robust sale process that maximized value for stakeholders in this Case.

36.     SugarFGH also worked in tandem with the Debtor's financial advisor to provide necessary legal support throughout the sale and marketing process, negotiating with key parties in the Case to protect the Debtor's interests while simultaneously seeking to maximize the value of the Debtor's estate.

37.     SugarFGH actively and zealously represented the Debtor in all matters during these chapter 11 proceedings.  SugarFGH's services rendered during the Fee Application Period were beneficial to the estate and creditors, and its requested compensation should be approved on a final basis.

### D.  SugarFGH Has Provided Adequate Notice and Opportunity to Object to this Amended Fee Application

38.     SugarFGH has provided notice of this Amended Fee Application to (a) counsel for the Committee; (b) counsel for Standard Bank & Trust Company; (c) the Office of the United States Trustee; and (d) parties who have filed a notice of appearance with the Clerk of the Court and requested notice of filings in this Case.

39.     Objections to this Application may be made in writing by **October 4, 2016**, filed with the Clerk of this Court and sent to Sugar Felsenthal Grais & Hammer LLP, c/o Jonathan Friedland, Esq., 30 N. LaSalle St., Ste. 3000, Chicago, IL 60602.

*Wherefore*, SugarFGH requests that this Court enter an order substantially in the form attached to this Amended Fee Application for Compensation that:

SFGH:4834-1333-1247v2

(a) Allows and approves final compensation to SugarFGH for in the amount of $431,333.00 for professional services rendered, and reimbursement of $8,617.55 for actual and necessary expenses incurred by SugarFGH during the Fee Application Period as the Debtor's counsel;

(b) Authorizes payment to SugarFGH for amounts approved under the Fee Application, including those not already paid by the Debtor, subject in all respects to pending orders of this Court; and

(c) Provides SugarFGH with such additional relief as may be appropriate under the circumstances.

Date: September 29, 2016       *Sugar Felsenthal Grais & Hammer LLP*

By:   /s/ Jonathan Friedland
             One of the Debtor's Attorneys

Jonathan P. Friedland, Esq. (IL No. 6257902)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
Jack O'Connor, Esq. (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
jfriedland@SugarFGH.com
evandesteeg@SugarFGH.com
joconnor@SugarFGH.com

*Counsel to the Debtor*

4845-1274-7064, v. 1

17